## THOMAS J. WILLINGHAM *v.* R. W. LEAKE *et al.*

1. CHANCERY PRACTICE. *Parties. Assignee in bankruptcy.* The general rule in equity that all persons having an interest in the subject matter of the suit shall be made parties, does not apply to the assignee of a bankrupt who has no beneficial interest to be secured, or liability to avert.

2. VENDOR'S LIEN. *Married women.* The fact that a vendee of land is a married woman does not defeat the lien of the vendor for the unpaid

purchase money. Although notes for the purchase money executed by her are void, and no recovery can be had on them against her, yet the land itself is bound, and may be sold for the payment of the purchase money. And such lien enures to the benefit of the assignee of notes for the purchase money executed by her.

Cases cited: Litton *v.* Baldwin, 8 Hum., 214; Kirby *v.* Miller, 4 Col., 5.

3. HUSBAND. *Liability.* And if a husband become security on such notes executed by his wife, he is liable thereon, although she herself is not personally bound.

---

FROM HAYWOOD.

---

Appeal from the Chancery Court.

No record found.

DEADERICK, J., delivered the opinion of the court.

In December, 1869, James P. Woods, one of the defendants, executed a title bond for a tract of land in Haywood county to Lucy Ann, wife of defendant R. W. Leake, for the consideration of $8,037. Of this sum $1,500 was paid out of the separate means of said Lucy, and two notes executed by her, one for $3,126, due at twelve months, the other for $3,411, due in two years from date. To these two notes R. W. Leake, her husband, became her surety. The title bond obliged Wood to convey to her, with general warranty, to her sole and separate use, with power to sell and convey the same, or any part therof, upon making payment for the same, etc.

These notes were assigned by Wood to the complainant, and not having been paid, he filed his bill,

in January, 1873, to enforce the vendor's lien, praying for a decree for the balance due upon said land against Leake and wife, and for a sale of the land for its payment.

The defendants demur to this bill, because the assignee in bankruptcy of Wood (he having been discharged in bankruptcy since the assignment of the notes) is not made a defendant, and upon the ground that Lucy Ann Leake is a married woman, and her notes are therefore void, and no decree can be pronounced against her for the amount of the notes.

It was admitted that Woods, who pleaded his discharge in bankruptcy, had been so discharged, and thereupon he moved that the bill be dismissed as to him, and that his assignee be substituted as defendant in his place.

This the Chancellor refused to do, holding that under the bankrupt act the assignee had no interest in the suit, and that Wood, in whom the legal title was, held it in trust only, and was a proper party for the purpose of the divestiture of title.

Defendants' demurrer was also overruled, and they were required to answer, and from this decree an appeal to this court was allowed.

While it is the general rule in equity that all persons having an interest in the subject matter of the suit should be made parties. We do not understand this rule to apply to the assignee of a bankrupt who has no beneficial interest to be secured, or liability to be averted: Bump on Bankruptcy, 323, 341.

Wood, before his discharge, had sold and transferred

the notes for the purchase money to the complainant. There is nothing due him for the land. The legal title was left in him upon the execution of the title bond, as a security for unpaid purchases, and this is due to complainant. He is but a naked trustee, with no interest, and is himself a proper party only because it is necessary to have that legal title divested. It was upon the ground that a portion of the purchase money remained due to the bankrupt, that his assignee was held to be a necessary party in the case of *Swepson* v. *Rouse,* 65 N. C. R., reported in 6 Am. R., 735.

Whether the defendant Lucy had other separate estate than the $1,500 paid upon the land does not appear, nor is it charged in the bill, nor recited in the title bond or notes, that the residue of the purchase money was to be paid out of her separate estate. The title bond, however, which was executed to her, shows upon its face that the land is to be paid for before she can claim it as her own, and that a lien is subsisting thereon for the satisfaction of the unpaid purchase money. Whatever right or interest she has arises from this bond.

This lien exists in favor of the holder of the notes, which may be enforced against the property sold. Although our courts have not gone to the extent of holding, as in 10 Mo., 757, that where a *feme covert* gives her note, it is presumed that she intends to charge her separate property, but, on the contrary, have held that the giving of such notes raises no such presumption—8 Hum., 214—and such intention must

Willingham *v.* Leake.

clearly appear: 4 Col., 5; yet the land, where the lien is not expressly waived, is subject to the payment of the purchase money. The amount of the lien is stated in the title bond, and this lien, by virtue of the vendor's transfer, is in favor of complainant. The husband signed the note, and is bound by his undertaking, and judgment may be rendered against him, conceding that the wife may not be bound upon it. Complainant holds the lien, and to the extent of subjecting the land for the payment of the purchase money due, from the allegations of his bill, he is entitled, as against the wife.

The defendant Lucy cannot, under the plea of coverture, defeat this lien, and hold the land and refuse to pay for it.

The decree of the Chancellor overruling the demurrer will be affirmed, with costs, and the cause will be remanded, with leave to defendants to answer.